IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH BOWLER,<br>    Plaintiff, | Civil Action No. 7:05-cv-00648 |
| v. | **MEMORANDUM OPINION** |
| BLANKENSHIP, et al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

    Plaintiff Joseph Bowler, a Virginia inmate acting pro se, submits a handwritten document that the court construes as a civil rights complaint, pursuant to 42 U.S.C. §1983.[1] Bowler lists numerous officers at Red Onion State Prison (ROSP), alleging that in early October, 2005, they beat him on his ribs and side, kicked him, and threatened him with bodily harm. He also alleges that officers have stolen and/or destroyed his property, refused to provide him medical care for unidentified medical problems, confiscated his eye glasses and finger brace, and interfered with his mail.[2] Bowler seeks to press criminal charges and other forms of relief.[3] Upon review of the record, the court concludes that Bowler's complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

    Bowler has not prepaid the $250.00 filing fee required in civil actions and apparently seeks to proceed in forma pauperis. Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3, 2003)(dismissed under §1915A, failure to state a claim); Bowler v. Young, 7:03-cv-00231 (W.D. Va. April 7,

---

[1] Bowler has filed numerous complaints under § 1983, all of which are closed at this time.

[2] Bowler also submits copies of grievances in which he complains about officers tampering with his food and threatening him with bodily harm.

[3] To the extent that Bowler seeks criminal prosecution of the officers who allegedly assaulted him, he is advised that the United States Department of Justice, and not the court, decides who to prosecute for violations of federal laws. If he believes the actions of which he complains violated federal criminal statutes, he may contact the Office of the United States Attorney, 310 Cummings St., Suite A, Abingdon, VA 24212-1098.

1

2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis in this court unless he demonstrates that he is in imminent danger of physical harm related to his claims.

A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). In order to qualify for the imminent danger exception, the prisoner must at least raise a credible allegation that he is in imminent danger of serious physical harm. White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998) (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds). Allegations that the inmate has faced danger or suffered harm in the past are insufficient to trigger the §1915(g) exception. See Abdul-Akbar, 239 F.3d 307 (being sprayed once with pepper spray not imminent danger); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

Bowler's allegations in his current complaint do not raise a credible allegation that he is currently in imminent danger of suffering physical harm related to any claim against the named defendants in this action. His complaints concern past events and Bowler does not allege facts indicating any likelihood that similar events will happen to him in the future. Thus, Bowler fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis under §1915(g). Therefore, the court will deny Bowler's request to proceed in forma pauperis.[4] As Bowler is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will dismiss this action without prejudice. An appropriate

---

[4] Moreover, Bowler fails to allege facts or present documentation indicating that he exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a) as to each of his claims.

2

order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This ___24th___ day of October, 2005.

_____
Senior United States District Judge